UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-CV-00507-GNS

ERNESTO PINEDA OJEDA PETITIONER

v.

JEFF TINDALL, Jailer,
Oldham County Detention Center;
FRANK PADULA, Acting Director,
Chicago Field Office,
Immigration and Customs Enforcement;
DAVID VENTRULLA, Acting Director,
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary,
Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General,
Department of Justice RESPONDENTS

**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

On October 21, 2014, Petitioner Ernesto Pineda Ojeda ("Ojeda"), a native and citizen of Cuba, entered and was admitted to the United States as a RE8 refugee as part of his family's refugee admission. (Pet. ¶¶ 2, 13, 19, DN 1; Pet. Ex. B, at 2, DN 1-2). On September 10, 2018, he pleaded guilty to the crime of first-degree wanton endangerment in Warren Circuit Court (Kentucky). (Pet. ¶ 2; Pet. Ex. D, at 3, DN 1-4). He was sentenced to a three-year suspended sentence and five years of probation. (Pet. ¶ 2; Pet. Ex. D, at 3).

On April 15, 2024, Ojeda was charged with the crime of operating a motor vehicle under the influence of alcohol and other offenses. (Pet. ¶¶ 3, 21; Pet. Ex. E, at 3, DN 1-5). On December 1, 2025, he pleaded guilty to the crime of operating under the influence, and two days

later, Immigration and Customs Enforcement ("ICE") officers took him into custody and served him with a Notice to Appear, citing 8 U.S.C. § 1227(a)(2)(A)(i). (Pet. ¶¶ 3, 22-23; Pet. Ex. E, at 4; Pet. Ex. G, at 3, DN 1-7; Pet. Ex. H, at 2-5, DN 1-8). He is currently detained at the Oldham County Detention Center. (Pet. ¶¶ 5, 18, 22, 24).

Ojeda filed the Petition for Writ of Habeas Corpus against Respondents: Samuel Olson, Field Office Director for the Chicago Field Office of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Blanche, Acting U.S. Attorney General; David J. Venturella, Acting Director of ICE; and Jeff Tindall, Oldham County Jailer. (Pet. ¶¶ 14-18). In the Petition, he challenges his continued detention and alleges violations of his due process rights under the Fifth Amendment. (Pet. ¶¶ 89-91). Ojeda also requests a temporary restraining order. (Pet. ¶¶ 95-98).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Ojeda bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Based on the parties' filings, there is not dispute that Ojeda is subject to detention pursuant to 8 U.S.C. § 1226(c)(1) due to his Kentucky conviction for wanton endangerment in the first degree and removal pursuant to 8 U.S.C. § 1227(a). (Pet. ¶ 38; Resp'ts' Resp. Show Cause Order 2-5 DN 7; Pet'r's Rely Resp'ts' Resp. Show Cause Order 2-3, DN 10). The only

issue is whether Ojeda's detention since December 2025 has been prolonged so long as to violate his constitutional rights.

In 8 U.S.C. § 1226, Congress "carve[d] out a statutory category of [noncitizens] who may *not* be released under [Section] 1226(a)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (second alteration in original). Under Section 1226(c), the "Attorney General shall take into custody any [noncitizen] who falls into one of several enumerated categories involving criminal offenses and terrorist activities." *Id.* (citing 8 U.S.C. § 1226(c)(1)) (internal quotation marks omitted). Noncitizens who have committed certain offenses are subject to mandatory detention. *See* 8 U.S.C. § 1226(c). For example, Section 1226(c) requires the detention of a noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of" specified criminal offenses. 8 U.S.C. § 1226(c)(1)(E); 8 U.S.C. § 1182(a)(6)(A)(i).

When a petitioner asserts a federal claim based upon the mandatory detention provision of Section 1226(c)(1) violating his or her constitutional right to due process, that claim must be denied until a potential *Zadvydas* claim ripens. *See Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-CV-0405 DJC SCR, 2026 WL 1079374, at *2 (E.D. Cal. Apr. 21, 2026) (stating that because petitioner's detention has "crossed the six-month threshold" the petitioner may now "bring an as-applied challenge to his ongoing, prolonged detention"); *see also Ramirez-Rivas v. Warden*, No. 26-CV-1981-RSH-BJW, 2026 WL 1010030, at *2 (S.D. Cal. Apr. 14, 2026) (holding that a petitioner is properly detained under 1226(c)(1) but may bring a *Zadvydas* claim at the proper time). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also Hanif v. Lewis*, No. 4:26-CV-276-RGJ, 2026 WL 1998502, at *3 (W.D. Ky. July 9, 2026).

Because Ojeda has been detained in excess of six months, his *Zadvydas* claim is ripe. He must show that there is no significant likelihood of removal in the reasonably foreseeable future. Besides pointing to the length of his detention, however, Ojeda has not shown that his removal is not significantly likely to occur sometime soon. The Petition will be dismissed without prejudice.

Respondents also contend that this Court lacks jurisdiction to hear the Petition based on 8 U.S.C. § 1226(e). In relevant part, this statute provides that "district courts do not have jurisdiction to review discretionary decisions made by an [immigration judge] regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). The Supreme Court has held, however, the Section 1226(e) does not remove a district court's habeas jurisdiction, "bar constitutional challenge[s]," or preclude a district court from addressing a habeas petition "challeng[ing] the statutory framework that permits [the petitioner's detention] without bail." *Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *see also Nielsen*, 586 U.S. at 401 ("[T]his limitation applies only to 'discretionary' decisions about the 'application' of [Section] 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" (quoting *Jennings v. Rodriguez*, 583 U.S. 295-96 (2018))). A petition for writ of habeas corpus under 28 U.S.C. § 2241 "is appropriate for raising statutory and constitutional challenges to post-removal detention by ICE." *Estenor v. Holder*, No. 1:11-CV-743, 2011 WL 5572596, at *2 (W.D. Mich.

Oct. 24, 2011) (citing *Zadvydas*, 533 U.S. at 688; *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003)), *report and recommendation adopted*, 2011 WL 5589279 (W.D. Mich. Nov. 16, 2011).

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED WTIHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
August 31, 2026

cc: counsel of record